**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re Chicago South Loop Hotel Owner, LLC, | ) ) | |
| Debtor. | ) ) ) ) | Chapter 11 Case No. 23-02595 Judge Deborah L. Thorne |

**<u>MEMORANDUM OPINION</u>**

Debtor Chicago South Loop Hotel Owner, LLC filed a chapter 11 petition in late February 2023. As an Illinois limited liability company, it is managed by its member, Chicago South Loop Hotel, LLC ("Parent"). There are numerous motions pending in this case, but, as a threshold issue, the court must determine whether the Debtor had proper authority to file its petition. The court has reviewed the parties' papers and exhibits[1] and taken into consideration arguments made in court. For the reasons stated below, the motion of U.S. Bank National Association ("Lender")[2] is granted, and Debtor's case is dismissed.

## I.    Background

The Debtor is an Illinois limited liability company that owns and operates the South Loop Hotel. It has one member, the Parent, who manages the Debtor. (Mot. to Dismiss ¶ 12, Dkt. No. 9.) An Operating Agreement executed on January 1, 2007 and subsequent amendments to this Agreement govern the operations of the Parent and Debtor. (*See* Operating Agreement, Dkt. No. 9, Ex. 9.)

---

[1] The parties stated in court that the authenticity of these exhibits is not in dispute. The court understands that Exhibit B to the Reply is merely a demonstrative exhibit. (*See* Dkt. No. 56, Ex. B.)

[2] U.S. Bank National Association is Trustee for Morgan Stanley Bank or America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13.

The Operating Agreement was executed by the Parent's four original members: Louis Dodd (42.5%), James White (42.5%), Floyd Mix (10%), and Jerry Cooper (5%).[3] (*Id.* at 15.) Under the Agreement, the manager of the Parent is elected annually at a meeting of the members or by other action of the members. Unanimous approval of the members is needed to elect a manager. (*Id.* § 9.2.) The Agreement states that "the manager shall not perform any act on behalf of the limited liability company without the approval of those members who own an aggregate of more than fifty percent (50%) . . . of the total percentage interests of all members of the limited liability company." (*Id.* § 10.9.) Additionally, if a member wants to transfer any portion of their membership interest, the member must obtain the unanimous written consent of the other members. A transfer without unanimous consent means that "the transferee of the member's interest shall have no right to participate in the management of the business and affairs of the limited liability company . . . ." (*Id.* § 13.1.)

After the initial Agreement was executed, the members approved several amendments governing its operations. On July 5, 2013, a resolution was approved by all members establishing that "Vicki O. White and Louis P. Dodd . . . have equal input into decisions made affecting the Company, and they shall concur in any policy change affecting the Company." (July 5, 2013 Resolution, Dkt. No. 49, Ex. 3.)

Beginning in 2017, several amendments and resolutions purportedly taken by the Parent were made without the full authority of all four members. Specifically, on June 23, 2017, Vickie White, Vivian Murphy, and Astrid Cooper executed a Written Consent and Resolution removing Louis Dodd as Co-Manager for cause. Louis Dodd did not sign this resolution. (Dkt. No. 49, Ex.

---

[3] James White, Floyd Mix, and Jerry Cooper died after the Parent was formed, and their membership interests were inherited by Vickie White, Vivian Murphy, and Astrid Cooper. (Mot. to Dismiss ¶¶ 15–16.) An unsigned amendment—which the court assumes is valid for purposes of this ruling—states that inherited interests will have the same rights as the original owner. (Amendment to Operating Agreement, Dkt. No. 49, Ex 3.)

5.) On July 17, 2017, Section 9.2 of the Agreement was revoked in its entirety and the following was substituted:

> Section 9.2. Any of the Co-Managers of the limited liability company may be removed for cause determined by the remaining Members at a meeting of the Members or by other action of the Members to be held or taken at each meeting of the Members, or as soon thereafter as such meeting or action can be held or taken by written resolution or other appropriate written instrument.

(July 17, 2018 Amendment, Dkt. No. 49, Ex 4.) This Amendment was only signed by Vickie White and Vivian Murphy; the signature line for Astrid Cooper is blank. The effect of the purported amendment gave Vickie White 57.5% of the membership interests in the Parent, leaving Louis Dodd with his original 42.5%.

In 2020, additional actions were adopted by the Parent assigning and selling the membership interests of Vivian Murphy and Astrid Cooper to Vickie White. (Dkt. No. 9, Ex. 13–14.) Only Vivian Murphy and Astrid Cooper executed these assignments. Even though there was a signature line for Vickie White, neither she nor Louis Dodd signed.

On February 27, 2023, Vickie White, as the Manager of the Parent, amended the Agreement to provide that managers "shall be appointed, elected, removed, or replaced by a vote, approval, or consent of Members owning greater than 50% of the total percentage interest of all members of the Company." (Dkt. No. 49, Ex. 8.) The same resolution authorized that, with the approval of members with over 50% of the membership interests, the number of managers could be increased, and membership interests could be transferred. (*Id.*) This resolution was executed only by Vickie White.

Also on February 27, Vickie White signed a resolution authorizing her to transfer 56% of her membership to Chicago South Loop Hotel Holdings, LLC, leaving the new ownership in the Parent as 56% by Holdings, 1.5% by Vickie White, and 42.5% by Louis Dodd. (Dkt. No. 49, Ex

3

10.) Finally, on the same day, another resolution elected Todd Hansen as manager. (Dkt. No. 49, Ex. 11.) Only Vickie White—not Holdings or Louis Dodd—signed this resolution.

Several months later, Todd Hansen executed the petition seeking protection under chapter 11 of the Bankruptcy Code. (*See* Chapter 11 Petition, Dkt. No. 1.)

## II. Discussion

### A. Standing

The Debtor's response brief alleges that the Lender lacks standing to argue about corporate authority to file for bankruptcy. In support of this argument, the Debtor merely cites to the legal standard for standing under Article III. (*See* Debtor's Resp. at 12–13, Dkt. No. 49.) After stating the case or controversy requirement, the Debtor concludes—without any explanation—that "whether the Debtor had authority based on the documents presented is not something that can be raised by U.S. Bank." (*Id.* at 13.)

The Lender is correct that it has standing to challenge the Debtor's authority to file for bankruptcy. Section 1109(b) provides that any "party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under [chapter 11]." The Seventh Circuit has interpreted this provision to mean that "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains." *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992). Many courts have found that creditors have standing to challenge the Debtor's authority to file for bankruptcy. *See, e.g.*, *In re Curare Lab'y LLC*, 642 B.R. 787, 801 (Bankr. W.D. Ky. 2022); *In re Orchard at Hansen Park, LLC*, 347 B.R. 822, 825 (Bankr. N.D. Tex. 2006). Lender is the primary secured lender and certainly has a sufficient interest in this case to challenge whether the petition was

properly filed. *See Orchard*, 347 B.R. at 825–26 (finding that creditor with "a sufficient stake and a pecuniary interest" had standing to challenge debtor's corporate authority to file for bankruptcy).

## B. Debtor Lacked Authority to File for Bankruptcy

A corporation must have authority to file for bankruptcy under state corporate governance law and relevant corporate by-laws. *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997) (collecting cases). The same is true for a limited liability company. *In re Avalon Hotel Partners, LLC,* 302 B.R. 377 (Bankr. D. Oregon 2003); *In re NNN 123 N. Wacker, LLC*, 510 B.R. 854, 858 (Bankr. N.D. Ill. 2014). When corporate authority does not exist, there is "cause" to dismiss the case under section 1112(b) of the Bankruptcy Code. *See* 11 U.S.C. § 1112(b); *NNN 123 N. Wacker, LLC*, 510 B.R. at 858 (citing *Price v. Gurney*, 324 U.S. 100, 106 (1945)).

The Parent's Operating Agreement states that Illinois law governs the LLC. (Operating Agreement § 17.) In Illinois, LLCs are statutorily created business entities governed by the Illinois Limited Liability Company Act, 805 ILCS 180/1-1 *et seq*. The Act provides that an LLC is created by the filing of articles of organization with the Illinois Secretary of State. 805 ILCS 180/5-1, 5-40. Although the LLC Act provides for default rules for the governance of LLCs, these rights can be modified by the adoption of an operating agreement. 805 ILCS 180/15-5. An operating agreement is adopted by the members and prescribes how the LLC will operate. See *In re Minton*, No. 14-91293, 2017 WL 354319, at * 3 (Bankr. C.D. Ill. Jan. 24, 2017).

Here, the Parent's operations did not comply with the Operating Agreement, and this noncompliance culminated with the filing of the Debtor's bankruptcy petition. The Debtor was controlled by its sole member, the Parent LLC, and any action taken by the Parent was required to abide by the requirements set forth in the Operating Agreement. An early amendment to the

Agreement, executed by all four members, required that the four members act as comanagers. (March 14, 2007 Amendment, Dkt. No. 49, Ex. 3.) Because the following actions of the Parent were not unanimously approved, they violated the Operating Agreement:

- The amendment to § 9.2 which allowed the removal of a comanager for cause,

- The removal of Louis Dodd as comanager and secretary,

- The transfer and sale of the membership interests of Vivian Murphy and Astrid Cooper to Vivian White,

- The Resolution allowing the addition of managers,

- The election of Vickie White as manager,

- The transfer of Vickie White's membership interest to Chicago South Loop Hotel Holdings, and

- The election of Todd Hansen as manager

Under the terms of the Operating Agreement and its amendments, Vickie White did not validly acquire a membership interest large enough to gain control of the Parent, and she did not have the authority to transfer her interest to Holdings. Consequently, Hansen did not have the requisite authority to sign the chapter 11 petition on Debtor's behalf. Because there was not corporate authority for the Debtor to file its petition, there is cause to dismiss this case under 11 U.S.C. § 1112(b).

### III.Conclusion

Because this case was filed without proper authority, the Lender's Motion to Dismiss is granted.

Date:  May 24, 2023

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

6